## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO.: 8:10-CV-1135-T-30MAP

KENDRICK E. DULDULAO,

    Plaintiff,

vs.

SERHAT KOCATAS, an individual, d/b/a
D'ITALIA PIZZA and FOCACCIA MIA
MANAGEMENT, INC.,

    Defendants.

_____/

## FINAL ORDER AND JUDGMENT AGAINST DEFENDANTS

    This cause comes before the Court *sua sponte*.  Since filing an Amended Answer to the Complaint on August 23, 2010, Defendant Serhat Kocatas has taken no record action in this case.  Among other things, Defendant Kocatas failed to appear at the December 14, 2010 Status Conference, and at the November 3, 2011 pretrial conference.

    THEREFORE, it is hereby ORDERED and ADJUDGED, that Plaintiff KENDRICK E. DULDULAO recover costs, attorney's fees (to be applied for within thirty (30) days of this Order), plus interest at the legal rate in effect on the date of this judgment, as well as collection costs/fees, against Defendant SERHAT KOCATAS.

    FURTHER, Defendant FOCACCIA MIA MANAGEMENT, INC., having failed to pay the full settlement amount, which was approved by this Court on December 14, 2010 (*see* DE 28), with the remaining outstanding balance of $4,500 still being currently

1

unpaid, and said Defendant failing to appear at the November 3, 2010 Pretrial Conference, it is hereby ORDERED and ADJUDGED, that Plaintiff KENDRICK E. DULDULAO recover said outstanding balance of $4,500, plus interest at the legal rate in effect on the date of this judgment, as well as collection costs/fees, against Defendant FOCACCIA MIA MANAGEMENT, INC.

IT IS FURTHER ORDERED, that the subject facility, and underlying property, located at 1811 15th Street, Tampa, Florida, shall be brought into compliance with the ADA. Specifically, the facility shall:

(i)     provide a safe accessible entrance to the Subject Facility in compliance with 28 C.F.R. Part 36,

(ii)     provide an accessible sales counter in compliance with 28 C.F.R. Part 36, Section 7.2(2),

(iii)     provide an accessible eating counter,

(iv)     provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16),

(v)     provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4, and

(vi)     maintain restrooms in compliance with the ADA.

If the subject facility is not brought into compliance with the ADA within ninety (90) days of the date of this Order, Plaintiff may petition this Court for appropriate relief.

The Court reserves jurisdiction for a period of one year for the purpose of enforcing the terms of this Order.

The Clerk is directed to terminate any pending motions as moot and close this file.

**DONE and ORDERED** in Tampa, Florida on December 15, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2010\10-cv-1135.order.doc